IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| LATONYA BRADFORD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | Magistrate Judge |
| SWEDISHAMERICAN HEALTH | ) | |
| SYSTEM CORPORATION, | ) | |
| SWEDISHAMERICAN HOSPITAL, and | ) | |
| REGIONAL DIVISION, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Latonya Bradford, by and through her attorneys, Hawks Quindel, S.C., complains of Defendants SwedishAmerican Health System Corporation, SwedishAmerican Hospital, and Regional Division, Inc. as follows:

## NATURE OF THE ACTION

1. Latonya Bradford brings this action against her former employers SwedishAmerican Health System Corporation, SwedishAmerican Hospital, and Regional Division, Inc. (all d/b/a SwedishAmerican Hospital and/or UW Health) (collectively "Defendants") for discriminating against her on the basis of her race and color and/or retaliating against her for reporting discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. Defendants terminated Ms. Bradford's employment immediately after she experienced and reported racist comments. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, and 28 U.S.C. §1343(a)(4).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants reside in this district and/or the events giving rise to Ms. Bradford's claims occurred in this district.

## PARTIES

4. Ms. Bradford is a black, African-American woman who currently resides in Indiana and was employed by Defendants.

5. Ms. Bradford was an "employee" of Defendants as defined by Title VII of the Civil Rights Act, as amended, 42 U.S.C. 2000e(f).

6. Defendant SwedishAmerican Hospital ("SAH") is an Illinois non-profit corporation doing business within this judicial district as SAH or UW Health. SAH operates a hospital in Rockford, IL, which is where Plaintiff worked.

7. Defendant SwedishAmerican Health System Corporation ("SAHS") is an Illinois non-profit corporation that is the sole corporate member of SAH and operates a hospital in Rockford, IL doing business as SAH and/or UW Health.

8. Defendant Regional Division, Inc. ("RDI") is a Wisconsin non-profit corporation responsible for the regional operations of UW Health, which includes SAH and SAHS. RDI serves as the sole corporate member of SAHS doing business within this judicial district as SAH and/or UW Health.

9. Upon information and belief, SAH, SAHS and RDI jointly employ, manage, and control their employees, including Ms. Bradford.

10. Employees and management interchangeably worked for Defendants as employees of UW Health and, upon information and belief, UW Health had centralized human resources staff and/or operations that exerted control over staffing decisions at its various institutions, including SAH in Rockford, IL, where Ms. Bradford worked.

11. The Defendants operated as alter ego corporations and/or were a joint employers of Ms. Bradford.

12. Defendants have continuously and do now employ more than fifteen employees, engage in an industry that affects commerce, and continue to do business in Illinois.

13. Defendants are "employers" as defined by Title VII of the Civil Rights Act, as amended, 42 U.S.C. 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURE

14. Ms. Bradford fulfilled all conditions precedent to the institution of this action under Title VII. She timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), charge number 440-2024-05396. The EEOC issued a Determination and Notice of Rights on June 17, 2025. Ms. Bradford received the Determination after the EEOC issued it.

## FACTS

15. Ms. Bradford was hired to work for Defendants at its SAH location in Rockford, IL around December 2022 through a medical staffing agency, Concentric Healthcare Staffing. Ms. Bradford worked for Defendants under contract as a Registered Respiratory Therapist.

16. Defendants' management supervised Ms. Bradford and controlled her working conditions.

17. Ms. Bradford met the legitimate expectations of her job and not been informed otherwise prior to her termination.

18. Ms. Bradford's employment contract was renewed and was for a term through around June 10, 2023.

19. In May 2023, Ms. Bradford learned that her contract would be renewed for a third time and that she would continue to work for Defendants at SAH beyond June 2023.

20. Around the night of May 21, 2023, while working with a patient, a white/Caucasian nurse working with Ms. Bradford made racist comments to her, including that the nurse was "tired of working with your kind."

21. When Ms. Bradford asked the nurse what she meant by "your kind" and told the nurse that it was a racist comment, the nurse said to "take it how [you] wanted to take it."

22. Ms. Bradford began to tear up, but continued taking care of her patients.

23. That same night, Ms. Bradford reported the comments to security and managers on duty and complained that the comments were racist. The manager(s) admitted the nurse's comments were not right, or something to that effect.

24. The same night or the following morning, Ms. Bradford also reported the comments to the hospital office manager and complained they were racist, and that manager mentioned that the nurse who made the comments had other complaints made against her.

25. Ms. Bradford was issued a new employment contract to work for Defendants on May 19, 2025. She signed the new employment contract on May 22, 2025 and was scheduled to work the rest of the week. Ms. Bradford had also made prior arrangements to stay in Rockford into June per her contracts.

26. However, later on May 22, 2025, she was informed through a text message from a Concentric Healthcare Staffing agent that Defendants had terminated her employment, even though there was still time left on her second contract.

27. Upon information and belief, the same nurse who made the racist comments detailed above had also made unfounded allegations about Ms. Bradford to Defendants' management.

28. Other non-Black/African American employees were underperforming at their jobs, but were not terminated by Defendants.

29. Defendants never explained to Ms. Bradford why her employment was terminated before her second contract ended or why her subsequent contract was terminated.

## COUNT I
## 42 U.S.C. § 1981 – Race Discrimination

30. Ms. Bradford restates and realleges the foregoing paragraphs as though fully set forth herein.

31. Defendants intentionally subjected Ms. Bradford to unequal and discriminatory treatment by terminating her employment because of her race and color, thereby depriving her of the enjoyment of benefits, privilege, terms, and conditions of her employment relationship in violation of 42 U.S.C. § 1981.

32. Defendants' actions and omissions have directly and proximately caused Ms. Bradford to suffer damages, including, but not limited to, lost wages and benefits and emotional harm.

33. Defendants' actions were deliberate, intentional, willful, wanton and malicious and in reckless disregard of Bradford's civil rights as secured by 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

**WHEREFORE**, Plaintiff prays for judgment against Defendants and respectfully requests that this Court:

A. Find that Defendants' conduct to be in violation of the rights guaranteed under 42 U.S.C. § 1981;

B. Grant a permanent injunction against Defendants and its officers, agents, and managers preventing them from violating 42 U.S.C. § 1981;

C. Order all relief required to make Plaintiff whole for the above violations of 42 U.S C. § 1981, including but not limited to ordering back pay and other benefits she would have received but for Defendants' discriminatory conduct, and pre-judgment and post-judgment interest;

D. Award Plaintiff consequential, compensatory, punitive, and other damages that the Court may deem appropriate;

E. Award Plaintiff her reasonable attorneys' fees, costs, and expenses; and

F. Grant such other further relief that this Court deems appropriate and just.

## COUNT II
### Title VII – Race/Color Discrimination

34. Ms. Bradford restates and realleges paragraphs 1 through 29 as though fully set forth herein.

35. Defendants subjected Ms. Bradford to unequal treatment and terminated her employment on the basis of her race and color.

36. Defendants' aforementioned acts and omissions constitute discrimination against Ms. Bradford in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e.

37. As a result of this violation, Ms. Bradford has lost wages and benefits of her employment, and has suffered emotional distress.

6

38. Defendants discriminated against Plaintiff with malice and/or reckless indifference to her federally protected rights.

**WHEREFORE**, Plaintiff prays for judgment against Defendants and respectfully requests that this Court:

A. Find that Defendants' conduct is in violation of Title VII;

B. Grant a permanent injunction against Defendants and its officers, agents, and managers preventing them from violating Title VII;

C. Order all relief required to make Plaintiff whole for the above violations of Title VII, including but not limited to ordering back pay and other benefits she would have received but for Defendants' discriminatory conduct, and pre-judgment and post-judgment interest;

D. Award Plaintiff consequential, compensatory, punitive, and other damages that the Court may deem appropriate;

E. Award Plaintiff her reasonable attorneys' fees, costs, and expenses; and

F. Grant such other further relief that this Court deems appropriate and just.

## COUNT III
## 42 U.S.C. § 1981 – Retaliation

39. Ms. Bradford restates and realleges paragraphs 1 through 29 as though fully set forth herein.

40. Ms. Bradford engaged in protected activity under § 1981 by opposing and complaining about race discrimination in the workplace.

41. Defendants intentionally subjected Ms. Bradford to retaliatory treatment by terminating her employment because of her protected activity, thereby depriving her of the enjoyment of benefits, privilege, terms, and conditions of her employment relationship in violation of 42 U.S.C. § 1981.

42. Defendants' actions and omissions have directly and proximately caused Ms. Bradford to suffer damages, including, but not limited to, lost wages and benefits and emotional harm.

43. Defendants' actions were deliberate, intentional, willful, wanton and malicious and in reckless disregard of Bradford's civil rights as secured by 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

**WHEREFORE**, Plaintiff prays for judgment against Defendants and respectfully requests that this Court:

A. Find that Defendants' conduct to be in violation of the rights guaranteed under 42 U.S.C. § 1981;

B. Grant a permanent injunction against Defendants and its officers, agents, and managers preventing them from violating 42 U.S.C. § 1981;

C. Order all relief required to make Plaintiff whole for the above violations of 42 U.S C. § 1981, including but not limited to ordering back pay and other benefits she would have received but for Defendants' discriminatory conduct, and pre-judgment and post-judgment interest;

D. Award Plaintiff consequential, compensatory, punitive, and other damages that the Court may deem appropriate;

E. Award Plaintiff her reasonable attorneys' fees, costs, and expenses; and

F. Grant such other further relief that this Court deems appropriate and just.

## COUNT IV
### Title VII – Race/Color Discrimination

44. Ms. Bradford restates and realleges paragraphs 1 through 29 as though fully set forth herein.

45. Ms. Bradford engaged in protected activity under Title VII by opposing and complaining about race discrimination in the workplace.

46. Defendants retaliated against Ms. Bradford in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e by terminating her employment after she signed a new employment contract and immediately following her complaints about discrimination.

47. As a result of this violation, Ms. Bradford has lost wages and benefits of her employment, and has suffered emotional distress.

48. Defendants retaliated against Plaintiff with malice and/or reckless indifference to her federally protected rights.

**WHEREFORE**, Plaintiff prays for judgment against Defendants and respectfully requests that this Court:

   A. Find that Defendants' conduct is in violation of Title VII;

   B. Grant a permanent injunction against Defendants and its officers, agents, and managers preventing them from violating Title VII;

   C. Order all relief required to make Plaintiff whole for the above violations of Title VII, including but not limited to ordering back pay and other benefits she would have received but for Defendants' conduct, and pre-judgment and post-judgment interest;

   D. Award Plaintiff consequential, compensatory, punitive, and other damages that the Court may deem appropriate;

   E. Award Plaintiff her reasonable attorneys' fees, costs, and expenses; and

   F. Grant such other further relief that this Court deems appropriate and just.

## JURY TRIAL DEMAND

Ms. Bradford requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

Respectfully Submitted,

/s/ Patrick Cowlin
One of Plaintiff's Attorneys

Patrick Cowlin, Esq.
HAWKS QUINDEL, S.C.
111 East Wacker Drive, Suite 2300
Chicago, Illinois 60601
(312) 205-1702
pcowlin@hq-law.com